UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GREGORY J. BESSARD | CIVIL ACTION NO. 6:11-cv-0941 |
| VERSUS | JUDGE HANNA |
| SUPERIOR ENERGY SERVICES LLC ET AL. | BY CONSENT OF THE PARTIES |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER**

Pending before this Court is a motion for entry of declaratory judgment which was filed jointly by the plaintiff, Gregory J. Bessard, the defendant Superior Energy Services, Inc., and the intervenor, Seabright Insurance Company. The parties consented to have the undersigned preside over all proceedings in this action pursuant to 28 U.S.C. § 636. Jurisdiction over the underlying litigation is based on 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*. This Court has jurisdiction to decide this motion pursuant to 28 U.S.C. § 2201 in that there is an actual controversy and the parties seek a declaration as to their rights and obligations in order to comply with the Medicare Secondary Payer Statute, 22 U.S.C. § 1395y(b)(2) ("MSP") and its attendant regulations in the context of a third-party settlement for which there is no procedure in place by the Centers for Medicare and Medicaid Services ("CMS").

## PROCEDURAL BACKGROUND

The parties advised the Court that they had negotiated a settlement of Mr. Bessard's claim and that they were in the process of obtaining a Medicare set-aside ("MSA") which was a condition of the settlement. Although the parties wanted the MSA approved by CMS for purposes of complying with the provisions of the MSP and the commensurate regulations, the parties were concerned that the settlement could not be finalized and cited the delay associated with obtaining approval from CMS and the fact that approval may not ever be forthcoming.

In an effort to avoid jeopardizing the settlement and to achieve compliance with the provisions of the MSP, the plaintiff, the defendant, and the intervenor jointly filed a motion for declaratory judgment seeking (1) approval of the settlement, (2) a declaration that the interests of Medicare are adequately protected by setting aside a sum of money to fund Mr. Bessard's reasonably anticipated future medical expenses related to the injuries claimed and released in this lawsuit, and (3) an order setting that amount aside from the settlement proceeds and depositing it into an interest-bearing checking account to be self-administered by Mr. Bessard.

The Court set the matter for an evidentiary hearing and ordered service to be made by the Clerk of Court on the Secretary of Health and Human Services, the chief

counsel of HHS/OGC for Region VI, and the civil chief of the office of the United States Attorney for the Western District of Louisiana. By letter dated August 20, 2012 from the office of the United States Attorney for the Western District of Louisiana, the Court was advised that HHS/CMS would not participate in the hearing. Pertinent portions of the letter, a copy of which was entered into evidence, read as follows:

> The Centers for Medicare and Medicaid Services ("CMS") does not review or verify counsel's determination of whether or not there is recovery for future medical services or the determination of the amount to be held to protect the Medicare Trust Fund except under limited circumstances. Based on the limited information available in the complaint and relevant pleadings, CMS would neither participate nor review the parties' determination of whether a set aside was needed or the amount of the set-aside with respect to the liability settlement. Nevertheless, CMS expects the settlement funds to be exhausted on otherwise Medicare covered and otherwise reimbursable services relate to what was claimed and/or released before Medicare is billed for future medical services.

At the hearing, the Court heard testimony from Mr. Bessard as well as from Patricia Kent, staff attorney with Gould & Lamb Protocols, Inc., who was accepted as an expert in MSA/MSP issues and whose company prepared the MSA submitted into evidence. The Court received into evidence a letter setting forth the terms of the settlement dated June 25, 2012, a copy of the release of all claims and satisfaction of

judgment, a summary of the medical records from Mr. Bessard's treating physicians, the MSA prepared by Gould & Lamb, and a chart itemizing the plaintiff's medical expenses. In addition, the record contains a report from Mr. Bessard's treating orthopaedist, Dr. John Sledge, dated April 11, 2012, and from the Mr. Bessard's treating pain management physician, Dr. Daniel Hodges, dated May 31, 2012 which discharges Mr. Bessard from their care.

The Court also submitted into evidence the memorandum dated September 30, 2011 from Charlotte Benson, acting director, Financial Services Group, Office of Financial Management, Department of Health & Human Services, which states:

> When the beneficiary's treating physician certifies in writing that treatment for the alleged injury related to the liability insurance. . . "settlement" has been completed as of the date of the "settlement", and that future medical items and/or services for that injury will not be required, Medicare considers its interest, with respect to future medicals for that particular "settlement", satisfied.

From the pleadings, the evidence, and the stipulations of the parties, the Court makes the following:

### FINDINGS OF FACT

1.   Gregory J. Bessard was injured in a workplace accident on June 30, 2009. At that time, he was employed by Seatrax, Inc. as a crane mechanic aboard the liftboat

M/V SUPERIOR CHAMPION, which was owned and/or operated by defendant Superior Energy Services, Inc. and working at Beryl Oil South Timbalier 196-A in the Gulf of Mexico off the Louisiana coastline.  Mr. Bessard was injured when he jammed his neck and right shoulder on the starboard crane's ladder/cage as he was ascending the crane's ladder to inspect the crane.

2.	As a result of the accident, and following conservative treatment, Mr. Bessard underwent an anterior cervical decompression and fusion at the C5-6 and C6-7 levels on May 17, 2011.  The surgery was performed by Dr. John Cobb who recently passed away, and therefore, Mr. Bessard's care was assumed by Dr. Sledge.  On April 11, 2012, Dr. Sledge reported that Mr. Bessard had reached maximum medical improvement, but had residual symptoms of pain and stiffness of his neck, so he was released to Dr. Hodges for pain management.  Dr. Hodges reported on May 31, 2012 that Mr. Bessard's prescription medications were being discontinued, that only over-the-counter medications are recommended, and that Mr. Bessard was being discharged from his care.  There currently are no surgical recommendations and no scheduled follow-up visits with any physician.

3.	Mr. Bessard filed suit on June 22, 2011, seeking to recover for the damages he allegedly sustained as a result of the accident.  Liability and damages were vigorously contested and the case was settled amicably after lengthy negotiations.

The defendant agreed to pay the plaintiff the sum of $785,000. The settlement called for the payment of $82,500 by Mr. Bessard to Seabright in partial satisfaction of Seabright's worker's compensation lien in exchange for a waiver of the remaining lien amount against all parties. The settlement also called for Mr. Bessard to assume the obligation for payment of his future medical expenses, which were to be calculated through a MSA, so that Mr. Bessard will be responsible for protecting Medicare's interests under the MSP.

4. Had this lawsuit been tried and a verdict obtained in favor of the plaintiff, Mr. Bessard would have been entitled to recover pecuniary and non-pecuniary damages. He has incurred medical expenses in the past that total approximately $106,501.95, which was funded by his employer's workers' compensation insurer who held a subrogation right against the proceeds of any judgment or settlement. He has incurred significant economic losses, and he has undergone a surgical procedure to his cervical spine. Considering all of the facts and circumstances of the case, including the plaintiffs' significant past and future losses, the parties' agreement to settle this case for a payment of $785,000 by the defendants, together with a partial waiver of the lien held by the worker's compensation insurer, represents a reasonable compromise to avoid the uncertainty and expense that would be incurred if this case were tried.

5.     CMS does not currently require or approve MSA's when personal injury lawsuits are settled.  CMS does not currently have a policy or procedure in effect for reviewing or providing an opinion regarding the adequacy of the future medical aspect of a liability settlement or recovery of future medical expenses incurred in liability cases.  CMS would not review or approve the MSA for the worker's compensation claim asserted under the LHWCA in this case.

6.     Mr. Bessard will not obtain the age of 65 within 30 months of the date of settlement.  Mr. Bessard is not a veteran of the armed forces, nor is he currently a Medicare beneficiary.  He has applied for Social Security disability benefits, and he is currently receiving Social Security disability benefits in connection with the injuries sustained in the accident on which this lawsuit is based.  Mr. Bessard does not have End Stage Renal Disease.  He has never submitted any medical expense related to the injuries received in the accident that forms the subject matter of this lawsuit for payment by Medicare.

7.     The reports of Drs. Sledge and Hodges, Mr. Bessard's treating physicians, pre-date the settlement and the doctors opine that no further surgical treatment or prescription medication is necessary at the current time.  Accordingly, the reports of Drs. Sledge and Hodges would appear to be the type of certification referred to in the DHHS memorandum of September 30, 2011 that would support a finding that

Medicare's interest is satisfied. However, neither physician "certified" that no future medical services for Mr. Bessard's injury will be required.

8. Various medical information primarily from Mr. Bessard's treating physicians was accumulated and a MSA was prepared by Gould & Lamb. Patricia Kent, who is employed by Gould & Lamb and was accepted as an expert, explained how the MSA evaluation was prepared. The most recent reports of Drs. Sledge and Hodges do not state that additional diagnostic testing is necessary or that Mr. Bessard will require future visits with his physicians or additional physical therapy in the future. However, the standard applied by Gould & Lamb in preparing the MSA was to consider all reasonably foreseeable medical expenditures.

9. Based on the information provided by Mr. Bessard's treating physicians, utilizing the fee schedule applied in claims brought under the Longshore and Harbor Workers' Compensation Act, and a more liberal standard than the burden of proof that would have to be carried by the plaintiff under the applicable substantive law in this case were it to proceed to trial, Gould & Lamb determined that Mr. Bessard's future potential medical expenses that would be covered by Medicare and are related to the injuries claimed and released in this lawsuit amount to $6,701.00.

10. The Court finds the methodology used to calculate the estimate of future medical costs, as set forth in the MSA, to be both reasonable and reliable. The Court

further finds that the future services listed in the MSA are reasonably foreseeable, that considering these expenses adequately considers Medicare's interests under the MSP, and that the amount set forth in the MSA adequately protects Medicare's interests and should be available to fund future medical items or services related to what was claimed and released in this lawsuit that would otherwise be covered or reimbursable by Medicare.

11.     The Court finds that Mr. Bessard is able and willing to administer the fund that is intended to be used for payment of future medical items or services that would otherwise be covered by Medicare, therefore, Mr. Bessard will assume that responsibility as the administrator of the fund.

12.     Mr. Bessard is aware of his obligation to reimburse Medicare for all conditional payments made by Medicare for any medical expenses he incurred that were related to the injuries claimed in this lawsuit.  He testified that no requests or applications for payments have been made to Medicare, and that he knows of no payment that may have been paid by Medicare.  Although provided with notice of the hearing, HHS opted not to participate and provided no notice of any conditional payments for which it intended to seek reimbursement.  Therefore, the Court finds that there is no evidence of any conditional payments made by Medicare before the time of the settlement.

13. There is no evidence that Mr. Bessard, his attorneys, any other party or any other party's representative, is attempting to maximize other aspects of the settlement to Medicare's detriment.

Based upon the foregoing findings of fact, the undersigned makes the following:

### CONCLUSIONS OF LAW

1. Medicare may obtain secondary payer status under the MSP if payment has been made, or can reasonably be expected to be made, under a workers' compensation law of a state or under an automobile or liability insurance policy, both of which are defined in the statute as a "primary plan." 42 U.S.C. § 1395y(b)(2)(A)(ii). A primary plan's responsibility for payment can be determined by judgment or settlement. 42 U.S.C. § 1395y(b)(2)(B)(ii), 42 C.F.R. § 411.22(b)(1-3).

2. By virtue of the terms and obligations in the settlement of the parties' claims and the plaintiffs' receipt of the settlement funds in conjunction therewith, Mr. Bessard will become an "entity who received payment from a primary plan," and is therefore responsible as a primary payer for future medical items or services that would otherwise be covered by Medicare, which are related to what was claimed and

released in this lawsuit, in the amount of $6,701.00. To the extent there are items or services incurred by Mr. Bessard in the future that would otherwise be covered or reimbursable by Medicare, that are related to what was claimed and released in this lawsuit, Medicare shall not be billed for those items or services until the funds received by Mr. Bessard for that purpose through the settlement are exhausted.

3.  Mr. Bessard is obligated to reimburse Medicare for all conditional payments made by Medicare prior to the time of the settlement and for all medical expenses submitted to Medicare prior to the date of this order, even if such conditional payments are asserted by Medicare subsequent to the effective date of this order.

4.  The sum of $6,701.00, to be utilized by Mr. Bessard out of the settlement proceeds to pay for future medical items or services that would be otherwise covered by Medicare, reasonably and fairly takes Medicare's interests into account in that the figures are based on reasonably foreseeable medical needs (as opposed to the standard of proof required by the substantive law that would be applicable if the case were tried on the merits), based on the most recent information from the treating physicians, utilizing fee schedules that would be acceptable to CMS according to the expert who provided the MSA evaluation.

5.  Since CMS provides no other procedure by which to determine the adequacy of protecting Medicare's interests for future medical needs and/or expenses in

conjunction with the settlement of third-party claims, and since there is a strong public interest in resolving lawsuits through settlement,[1] the Court finds that Medicare's interests have been adequately protected in this settlement within the meaning of the MSP.

Based upon the foregoing conclusions of law, the Court makes the following order:

IT IS HEREBY ORDERED that:

The parties' motion for a hearing (Rec. Doc. 20) is GRANTED, and the parties' motion for declaratory judgment (Rec. Doc. 20) is GRANTED IN PART AND DENIED IN PART.  More particularly:

1. To the extent that Mr. Bessard receives confirmation from Medicare of any conditional payments made by Medicare for services provided prior to the date of this order, Mr. Bessard shall promptly reimburse Medicare for such conditional payments.

2. Mr. Bessard shall allocate $6,701.00 out of the settlement proceeds for payment of future medical items or services, which would otherwise be covered or reimbursable by Medicare, related to what was claimed and released in this lawsuit.

---

[1] *McDermott, Inc. v. AmClyde,* 511 U.S. 202, 215 (1994).

3. The funds set forth in the MSA will be self-administered by Mr. Bessard for the purpose of paying any future medical items or services that would otherwise be covered or reimbursable by Medicare that are related to what was claimed and released in this lawsuit.

4. At such time as the settlement is fully consummated, the parties shall jointly file a motion to dismiss this case with prejudice.

5. All other requested relief is DENIED.

Signed at Lafayette, Louisiana, this 30th day of August 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE